UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

**JOSHUA ELYASHIV,**
*individually and on behalf of all
others similarly situated,*

      **Plaintiff,**

v.

**HOMES BY HANDAL, INC.**
    **Defendant.**
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Joshua Elyashiv ("Plaintiff") brings this class action against Defendant Homes by Handal, Inc. ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

2. To promote its goods and services, Defendant engages in unsolicited text messaging to consumers that have registered their telephone numbers on the National Do Not Call Registry.

3. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of themselves and members of the Class, and any other available legal or equitable remedies.

1

## PARTIES

4. Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of Florida.

5. Defendant is a Florida corporation with its headquarters located in Coral Springs, Florida.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## JURISDICTION, AND VENUE

7. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA.

8. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District. Additionally, Plaintiff's telephone number has an area code that specifically coincides with locations in Florida.

## FACTS

9. On or about February 23, 2024, Defendant sent text message solicitations to Plaintiff's cellular telephone as depicted below:

> **Text Message • SMS**
> Fri, Feb 23 at 1:58 PM
>
> Hi Joshua, I noticed your house is off the market. Difficulty in getting your home sold often stems from key factors like price, presentation, exposure, and strategy. At Homes by Handal, we specialize in aligning these elements for a successful 10-day sales strategy. Interested in more details? Reply 'YES' to receive information.
>
> Reply with "byebye" to Opt Out Thanks, Elias Handal - Homes by Handal

> Mon, Feb 26 at 12:05 PM
>
> Hello Joshua! Noticed your house is off the market. Getting your house sold doesn't have to be pricey or stressful. Explore our 10 Day Sale Strategy to sell fast at your desired price or more, risk-free. Share your email for more info. Reply with "byebye" to opt-out any time. Thanks - Homes by Handal

> Thu, Feb 29 at 12:05 PM
>
> Hi Joshua, I saw your house listing before you took it off the market and wanted to send more info on our 10 day sale strategy to sell it fast and for your price or pay nothing. What is the best email address to send more info?

> Mon, Mar 4 at 12:10 PM
>
> Hi Joshua, just because your last agent failed does not mean you can't sell your home fast and for a price you love this time. If you would like to know more about our 10 day sale process, please reply with your email address and I will send you more information. Thank you for your consideration.
> -Elias Handal / Homes by Handal.

> Mon, Mar 11 at 3:18 PM
>
> Hi Joshua, The best part of working with Homes by Handal to sell your home is no long term contracts.
>
> We sell most homes in 10 days, not 10 weeks.
> You can learn more about our 10 day sale strategy by replying with your email address and I will get it right over to you.
>
> Thank you

> Mon, Mar 18 at 3:21 PM
>
> Hello!
>
> If you would still like to sell your home, I would love to bring you multiple offers!
>
> Most of our listings sell in 10 days with

3

Mon, Mar 25 at 3:24 PM

Hi Joshua,

Why does an accelerated 10 day sale strategy work so well for real estate?

Because it creates scarcity, urgency and fear of loss for buyers making your home the HOT new house on the market. Just reply with your email and I will send more info.

Thank You Elias Handal / Homes by Handal

Mon, Apr 1 at 3:26 PM

Hi Joshua, I noticed your house is no longer listed. You may be thinking about hiring an agent and trying again. If so, you can sell your house fast, and sell it for your price or more with our 10 day sale stratgy.....or pay nothing. OK to send more info? Thank you - Homes by Handal

Mon, Apr 8 at 3:29 PM

Hi Joshua, I saw your house listing before you took it off the market and wanted to send more info on our 10 day sale strategy to sell it fast and for your price or pay nothing. What is the best email address to send more info? Thank you - Homes by Handal

Mon, Apr 15 at 3:29 PM

Hi Joshua, did you know that you can sell your house fast and get your price or more or pay nothing? Reply with "yes" and we'll send you more information. Thank you - Homes by Handal

Mon, Apr 22 at 3:29 PM

Hi Joshua, One of the secrets to getting your home sold fast and for the best price is aggressively marketing your house on thousands of websites all over the world with a high-end digital marketing presentation built to attract and engage buyers. Let's get your house sold fast and for your price or more with our 10 day sale strategy. Can I send more info? Thank you - Homes by Handal

Mon, Apr 29 at 3:29 PM

Hey Joshua, getting your home sold shouldn't be hard or expensive. Sell your house fast, get your price or pay nothing. OK to send more info? Thank you - Homes by Handal

Mon, May 13 at 3:29 PM

Hi Joshua, saw your home didn't sell. If you are ready, you can get it sold fast and for your price or more with our 10



10. Overall, between February 23, 2024 and May 27, 2024, Defendant caused approximately fifteen marketing text messages to be transmitted to Plaintiff's cellular telephone number.

11. As demonstrated by the above screenshots, the purpose of Defendant's telephonic sales calls was to advertise, promote, and/or market Defendant's property, goods, and/or services.

12. Plaintiff is the regular user of the telephone number that received the above solicitations.

13. Plaintiff registered the cellular telephone number on the National Do-Not-Call Registry approximately three years prior to the filing of this case.

14. Plaintiff utilizes the cellular telephone number that received Defendant's text messages for personal purposes and the number is Plaintiff's residential telephone line and primary means of reaching Plaintiff at home.

15. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

16. Plaintiff has not transacted any business with Defendant within the past eighteen (18) months before receiving the above text messages. Also, Plaintiff has not made any inquiry regarding Defendant's products or services within the past three (3) months before receiving the above text messages.

17. Plaintiff never signed any type of authorization permitting or allowing Defendant to send them text message solicitations.

18. Defendant's unlawful conduct resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members.

## CLASS ALLEGATIONS

### PROPOSED CLASS

19. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons pursuant to Fed. R. Civ. P. 23. The class that Plaintiff seeks to represent (the "Class") is defined as:

> **All persons in the United States who from four years prior to the filing of this action through the date of class certification (1) Defendant, or anyone on Defendant's behalf, (2) placed more than one text message within any 12-month period; (3) where the person's telephone number that had been listed on the National Do Not Call Registry for at least thirty days; (4) regarding Defendant's property, goods, and/or services; (5) who did not purchase or transact business with Defendant during eighteen months immediately preceding the date of the first message; and (6) who did not contact Defendant during the three months immediately**

> preceding the date of the first message with an inquiry about a product, good, or service offered by Defendant.

20. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

21. Defendant and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes Class Members' number in the several thousands, if not more.

### NUMEROSITY

22. Upon information and belief, Defendant has placed violative text message calls to telephone numbers belonging to at least 50 persons. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

23. The exact number and identities of Class Members are unknown at this time and can be ascertained only through discovery. Identification of Class Members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

24. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

   (a) Whether Defendant initiated solicitation text messages to Plaintiff and the Class members who had registered their numbers on the National Do Not Call Registry; and

   (b) Whether Defendant is liable for damages, and the amount of such damages.

25. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephonic sales calls without consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently

adjudicated and administered in this case.

### TYPICALITY

26. Plaintiff's claims are typical of the claims of Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF CLASS MEMBERS

27. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

28. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

29. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain Class members are not parties to such actions.

## COUNT I
## VIOLATIONS OF 47 U.S.C. § 227(c) AND 64.1200(c)
### (On Behalf of Plaintiff and the Class)

30. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-29 as if fully set forth herein.

31. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government."

32. Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

33. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

34. Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

35. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and Class members received more than one text message in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

36. As a result of Defendant's conduct as alleged herein, Plaintiff and the Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in

damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of themselves and members of the Class, prays for the following relief:

a. An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b. An award of statutory damages for Plaintiff and each member of the Class as applicable under the TCPA;

c. An order declaring that Defendant's actions, as set out above, violate the TCPA;

d. An injunction requiring Defendant to comply with 47 U.S.C. § 227(c) and 47 C.F.R. 64.1200(c);

e. An award of attorney's fees, costs, and interest, as allowed by applicable law; and

f. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and members of the Class hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

Date:  December 4, 2024.

          Respectfully Submitted,

          <u>/s/ Faaris K. Uddin                    </u>.
**FAARIS K. UDDIN, ESQ.**
Florida Bar No.: 1054470
E-mail: faaris@jibraellaw.com
**ZANE C. HEDAYA, ESQ.**
Florida Bar No.: 1048640
E-mail: zane@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail:  gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 813-340-8838

*COUNSEL FOR PLAINTIFF*